## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **GERALD GARRISON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  6:12-CV-2659-RDP** |
| | } | |
| **LOWELL ADAM HADDER, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

Before the court is Defendant Sheriff John Mark Tirey's Motion to Dismiss Official Capacity

Claims and Declaratory Equitable Relief Claims (Doc. #21).  The Motion has been fully briefed.

(Docs. #21, 25, 28).  For the reasons discussed below, the Motion (Doc. #21) is due to be granted

in part and denied in part.

## I.       BACKGROUND AND RELEVANT FACTS

This case arose out of an incident occurring on July 17, 2012 that began near Defendant

Adam Hadder's ("Hadder") home and ended with Defendant Hadder arresting Plaintiff Gerald

Garrison.  (Doc. #18).  A discussion of the relevant facts can be found in the court's Memorandum

Opinion on Defendant Hadder's Motion to Dismiss (Doc. #30).  However, the following additional

evidence of record is relevant to the claims against Sheriff Tirey.

Plaintiff's Amended Complaint alleges that Defendant Hadder was acting in accordance with

"customs or practice" of the Walker County Sheriff's Office when he arrested Plaintiff and searched

and impounded Plaintiff's vehicle.  (Doc. #18, ¶ 62).  Plaintiff claims that Defendant Tirey had seen

videotape of Defendant Hadder "unjustly assaulting citizens" and that Defendant Tirey had received

"numerous written and/or verbal complaints of Defendant Hadder engaging in excessive force and

other improper conduct." (*Id.* at ¶ 63).[1]  Plaintiff states that Defendant Tirey was on notice "of the widespread abuse and deprivations" and that Defendant Tirey had "direct notice of Defendant Hadder's history of widespread abuse of policy, procedure, and failure to follow protocol."  (*Id.* at ¶¶ 68-69).

Plaintiff asserts claims under 42 U.S.C. § 1983 claims against Defendant Tirey in his official and individual capacity under vicarious liability or respondeat superior theories alleging failure to train, sanction, or discipline Defendant Hadder.  (*Id.* at ¶¶ 96-101).  Plaintiff also seeks declaratory relief against Defendant Tirey.  (*Id.* at ¶¶ 103-105).  Defendant Tirey's Motion to Dismiss argues that: (1) Plaintiff cannot state a claim pursuant to the Eighth Amendment of the Constitution; (2)

---

[1]Specifically, Plaintiff's Amended Complaint alleges that Defendant Tirey was aware of the following written and/or verbal complaints regarding Defendant Hadder's behavior:

a. Defendant Hadder and other off duty personnel of the [Walker County Sheriff's Office] physically attacking a young man in Tuscaloosa, Alabama, resulting in a recent civil verdict in favor of the young man assaulted and against Defendant Hadder; b. Defendant Hadder and another Deputy Sheriff physically attacking a young man who was occupying a parked car prior to Defendant Hadder's attack and subsequent arrest of the individual resulting in a civil lawsuit being filed which is currently pending in Walker County, Alabama; c. Defendant Hadder and another Deputy Sheriff physically attacking and subsequently arresting a Walker County home owner and her pregnant daughter during the execution of a purported search warrant when the home owner asked to see the search warrant; d. Defendant Hadder and another Deputy Sheriff attacking a Walker County man who was eating in a Walker County restaurant with his brother and subsequently arresting both the and his brother resulting in each person filing civil lawsuits; e. Defendant Hadder and another Deputy Sheriff assaulting a Walker County woman at a local high school football game for taking pictures at the ballgame and subsequently arresting the individual requiring her to have to defend herself in criminal court where she was found not guilty of the charges brought Defendant Hadder with a civil lawsuit having been filed against the Defendants in this case because of the actions of Defendant Hadder; f. Defendant Hadder and another Deputy Sheriff arresting a Walker County man and accusing him of being in a criminal conspiracy with his brother to fight dogs and subsequently arresting the man without just cause with a civil lawsuit having been filed against the Defendants in this case because of the actions of Defendant Hadder.

(*Id.* at ¶ 63. a-f).

Plaintiff's official capacity claims are due to be dismissed because the claims are barred by the Eleventh Amendment to the United States Constitution; (3) Plaintiff's official capacity claims are due to be dismissed because Defendant Tirey is not a "person" capable of being sued pursuant to 42 U.S.C. § 1983; and (4) Plaintiff does not have standing to bring claims for declaratory and injunctive relief.

## II.      STANDARD OF REVIEW

### A.      Federal Rule of Civil Procedure 12(b)(1)

Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*

On the other hand, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges considerably:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations,

> and the existence of disputed material facts will not preclude the trial
> court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).  "When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion."  *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984).

### B.     Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations.  *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although "[t]he

plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

## III.   DISCUSSION

### A.   Defendant Tirey is Entitled to Immunity as to Plaintiff's Official Capacity Section 1983 Claims

Plaintiff's Section 1983 claims against Defendant in his official capacity are barred because Defendant is a state official not amenable to suit under Section 1983 and because Defendant is entitled to Eleventh Amendment immunity.  Courts have long held that a state official sued in his

5

official capacity is not considered a "person" subject to suit for money damages under 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Greffey v. State of Ala. Dept. of Corrections*, 996 F. Supp. 1368, 1378 (N.D. Ala. 1998). The Supreme Court has recognized that suits against an individual acting in his official capacity impose liability on the governmental entity the official represents. *See Will*, 491 U.S. at 71 ("Obviously state officials literally are persons. But, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself."). Therefore, Defendant is not a "person" subject to suit for money damages under Section 1983.

Under Alabama law, sheriffs are state officers. *See, e.g., Hereford v. Jefferson Cnty.*, 586 So. 2d 209, 210 (Ala. 1991); *Parker v. Amerson,* 519 So. 2d 442 (Ala. 1987). Here, Plaintiff's claims for money damages against Defendant in his official capacity are the  functional equivalent of claims against the state. *See Monell v. Dept. of Social Servs.*, 436 U.S. 659, 690 n. 55 (1978) (noting that suits against officials in their official capacities "generally represent only another way of pleading an action against an entity of which an official is an agent"). Thus, Plaintiff's Section 1983 claims against Defendant in his official capacity are barred by the Eleventh Amendment. *See Dean v. Barber*, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992) (holding that suit against a sheriff in his official capacity "is prohibited by the Eleventh Amendment because the State of Alabama is the real party in interest."). Accordingly, Plaintiff's Section 1983 claims against Defendant in his official capacity are due to be dismissed. However, with the exception of any Eighth Amendment claims,[2]

---

[2]The purpose of the Eighth Amendment is to protect persons convicted of crimes from cruel and unusual punishment. *See, e.g.*, *United States v. Lovett*, 328 U.S. 303, 317-18 (1946); *Whitley v. Albers*, 475 U.S. 312, 318 (1986). Generally, the Eighth Amendment does not apply to claims brought by arrestees and pretrial detainees. *Cottrell*

that is not the correct outcome (at least at this point) with respect to Plaintiff's Section 1983 claims against Defendant in his individual capacity.[3]

### B.    On the Pleadings, Defendant Tirey is Not Entitled to Dismissal of Plaintiff's Supervisory Liability Section 1983 Claims

Plaintiff asserts a Section 1983 claim against Defendant under either a vicarious liability or respondeat superior theory.[4]  "It is well established in this Circuit that supervisory officials are not liable under [Section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).  However, supervisory liability under Section 1983 may occur "'when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged deprivation.'"  *Valdes v. Crosby*, 450 F.3d 1231, 1236 (11th Cir. 2006)

---

*v. Caldwell*, 85 F.3d 1480, 1490 (11 th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.").  Thus, any Section 1983 individual capacity claims against Defendant on the basis of Eighth Amendment violations are due to be dismissed.

[3]Defendant's Motion to Dismiss does not argue that the Section 1983 claims against him in individual capacity should be dismissed.  Although implicitly conceded, the court notes that suits against state officials in their individual capacities are claims against the officials themselves as relief is sought from the person, not the governmental entity he represents.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Accordingly, Defendant is a "person" subject to suit under Section 1983, when sued in his individual capacity.  *See Toth v. City of Dothan*, 953 F. Supp. 1502, 1507 (M.D. Ala. 1996) (noting that state officials sued in their individual capacities are "persons" for purposes of Section 1983 and that they may be held personally liable for damages under Section 1983 for actions taken in their official capacities).  Therefore, with the exception of any claims based upon violations of the Eighth Amendment, *see supra* note 2, Plaintiff's Section 1983 claims against Defendant in his individual capacity are not subject to dismissal.

[4]Count Four of Plaintiff's Amended Complaint is titled "Civil Rights–42 U.S.C. § 1983 (Vicarious Liability/Respondeat Superior).  Of course, the "title" of Count Four is not controlling.  Rather, it is the substance of the allegations under this heading that should be considered.  *See Int'l Bhd. of Elec. Workers, Local Union No. 323 v. Coral Elec. Corp.*, 576 F. Supp. 1128, 1134 (S.D. Fla.1984) (noting that "a court should not elevate form over substance in reviewing the pleadings of a case").  And, the substance of the allegations make clear that Plaintiff is actually asserting a claim of supervisory liability against Defendant Tirey.  Specifically, paragraphs 98-101 allege that Defendant Tirey was on notice of Defendant Hadder's purported unconstitutional behavior and failed to correct it.  Therefore, the court considers Count Four as a claim of supervisory liability.

(quoting *Miller v. King*, 384 F. 3d 1248, 1261 (11th Cir. 2004)). Based on the pleadings, there is no evidence that Defendant personally participated in Plaintiff's arrest and the subsequent search of his car. The question then is whether there is a sufficient causal connection between Defendant's action or inaction and the arrest and search.

A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, the court must accept as true Plaintiff's well-plead allegations and, in light of that, it would be inappropriate to dismiss Plaintiff's supervisory liability Section 1983 claims against Defendant Tirey. Plaintiff has alleged facts that could, at this stage, support a finding that Defendant was aware of Defendant Hadder's abuses such that Defendant was on notice of the alleged constitutional violations. Plaintiff has also alleged facts that could support an inference that Defendant knew that Defendant Hadder would act unlawfully but failed to intervene or was deliberately indifferent. *See Bd of Cnty. Comm'rs of Bryan Cnty, Okla v. Brown*, 520 U.S. 397, 410 (1997) (deliberate indifference exists when supervisor disregards a known or obvious consequence of his action). Thus, Plaintiff's Section 1983 claims against Defendant in his individual capacity are not subject to dismissal at this point.

8

### C.   Plaintiff's Declaratory and Injunctive Relief Claims Against Defendant are Moot

Although Defendant is not immune to suit for declaratory and injunctive relief, the court concludes that Plaintiff lacks standing to bring these claims.  Declaratory and injunctive claims concern future conduct and injuries.  *See, e.g.*, *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994); *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985).  Thus, a party who does not face a real and immediate threat of future injury lacks standing to seek declaratory or injunctive relief.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (finding that a plaintiff lacked standing because he was unable to show an imminent threat of future police brutality).

Plaintiff's declaratory and injunctive claims against Defendant are based on the actions of Defendant Hadder.  (*See* Doc. #18).  Defendant terminated Defendant Hadder's employment with the Walker County Sheriff's Office on September 27, 2012.  (Doc. #28).  Because Defendant Hadder is no longer employed with the Walker County Sheriff's Office, Plaintiff faces no threat of future harm from Defendant Hadder.  Therefore, Plaintiff has no standing to seek declaratory and injunctive relief.  Accordingly, Plaintiff's declaratory and injunctive claims against Defendant are due to be dismissed.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion (Doc. #22) is due to be granted.  The following claims are due to be dismissed with prejudice against Defendant Tirey in his official capacity, but not in his individual capacity:

- •   Count Four: 42 U.S.C. § 1983.

Furthermore, the following claims are due to be dismissed with prejudice against Defendant in his official and individual capacities:

- Count Five: Declaratory and Injunctive Relief.

A separate order consistent with this Memorandum Opinion will be issued.

     **DONE** and **ORDERED** this _____5th_____ day of November, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE