**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION**

| | | |
|---|---|---|
| **GERALD GARRISON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  6:12-CV-2659-RDP** |
| | } | |
| **LOWELL ADAM HADDER, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

**<u>MEMORANDUM OPINION</u>**

Before the court is Defendants Walker County and Bruce Hamrick's Motion to Dismiss (Doc. #22). The Motion has been fully briefed. (Docs. #22, 26, 27). For the reasons discussed below, the Motion (Doc. #22) is due to be granted.

**I.     BACKGROUND AND RELEVANT FACTS**

This case arose out of an incident occurring on July 17, 2012 that began near Defendant Adam Hadder's ("Hadder") home and ended with Defendant Hadder arresting Plaintiff Gerald Garrison. (Doc. #18). A discussion of the relevant facts can be found in the court's Memorandum Opinion on Defendant Hadder's Motion to Dismiss (Doc. #30). However, the following additional evidence of record is relevant to the claims against Defendants Walker County and Hamrick.

Plaintiff's Amended Complaint alleges that Defendant Hadder was acting in accordance with "customs or practice" of the Walker County Sheriff's Office when he arrested Plaintiff and searched and impounded Plaintiff's vehicle. (Doc. #18, ¶ 62). Plaintiff claims that Defendants Walker County and Hamrick had seen videotape of Defendant Hadder "unjustly assaulting citizens" and that Defendants Walker County and Hamrick had received "numerous written and/or verbal complaints

of Defendant Hadder engaging in excessive force and other improper conduct." (*Id.* at ¶ 63).[1]

Plaintiff asserts 42 U.S.C. § 1983 claims against Defendants Walker County and Hamrick under a vicarious liability or respondeat superior theory alleging failure to train, sanction, or discipline Defendant Hadder. (*Id.* at ¶¶ 96-101). Plaintiff also seeks declaratory and injunctive relief against Defendants Walker County and Hamrick. (*Id.* at ¶¶ 103-105). The Motion to Dismiss filed by Defendants Walker County and Hamrick argues that Plaintiff's claims against them are due to be dismissed because neither the county nor the county commission can be held liable for the acts of a sheriff or his deputies.

## II.   STANDARD OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(1)

Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks.

---

[1]Specifically, Plaintiff's Amended Complaint alleges that Defendants Walker County and Hamrick were aware of the following written and/or verbal complaints regarding Defendant Hadder's behavior:

a. Defendant Hadder and other off duty personnel of the [Walker County Sheriff's Office] physically attacking a young man in Tuscaloosa, Alabama, resulting in a recent civil verdict in favor of the young man assaulted and against Defendant Hadder; b. Defendant Hadder and another Deputy Sheriff physically attacking a young man who was occupying a parked car prior to Defendant Hadder's attack and subsequent arrest of the individual resulting in a civil lawsuit being filed which is currently pending in Walker County, Alabama; c. Defendant Hadder and another Deputy Sheriff physically attacking and subsequently arresting a Walker County home owner and her pregnant daughter during the execution of a purported search warrant when the home owner asked to see the search warrant; d. Defendant Hadder and another Deputy Sheriff attacking a Walker County man who was eating in a Walker County restaurant with his brother and subsequently arresting both the and his brother resulting in each person filing civil lawsuits; e. Defendant Hadder and another Deputy Sheriff assaulting a Walker County woman at a local high school football game for taking pictures at the ballgame and subsequently arresting the individual requiring her to have to defend herself in criminal court where she was found not guilty of the charges brought Defendant Hadder with a civil lawsuit having been filed against the Defendants in this case because of the actions of Defendant Hadder; f. Defendant Hadder and another Deputy Sheriff arresting a Walker County man and accusing him of being in a criminal conspiracy with his brother to fight dogs and subsequently arresting the man without just cause with a civil lawsuit having been filed against the Defendants in this case because of the actions of Defendant Hadder. (*Id.* at ¶ 63. a-f).

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).  When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction.  *Sinaltrainal*, 578 F.3d at 1260.  The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true.  *Id.*

On the other hand, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  When a court is confronted with a factual attack, the standard of review diverges considerably:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).  "When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion."  *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984).

### B.    Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  Having said that, the complaint must include enough facts "to raise a right to relief above the

3

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations.  *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  Application of the facial plausibility standard involves two steps.  Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and

assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Id.*

## III.    DISCUSSION

In Section 1983 actions, county commissions cannot be held liable under a *respondeat superior* theory.  *Dowdell v. Chapman*, 930 F. Supp. 533, 547 (M.D. Ala. 1996).  But, a county may be found liable under Section 1983 for acts of officials who possess "final authority to establish policy with respect to the action order if the deprivation was undertaken pursuant to such policy."  *Id.*  In other words, the court's task in assessing whether a county may be liable under Section 1983 is to "identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitution or statutory violation at issue."  *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 737 (1989).  "Whether a particular official has final policymaking authority is a question of state law."  *Id.*

It is well-established that under Alabama law, the sheriff is an executive officer of the state.  *See e.g., Parker v. Amerson*, 519 So. 2d 442, 442 (Ala. 1987); *Hereford v. Jefferson Cnty.*, 586 So. 2d 209, 210 (Ala. 1991).  Therefore, "sheriffs are not county employees or agents, much less policymakers."  *McClure v. Houston Cnty.*, 306 F. Supp. 2d 1160, 1163 (M.D. Ala. 2003).  Indeed, the Supreme Court of the United States has held that, in Alabama, sheriffs do not act as "policymakers" for the county in the area of law enforcement for Section 1983 purposes.  *McMillian v. Monroe Cnty.*, 520 U.S. 781, 793 (1997).

5

Sheriffs are vested with exclusive statutory authority "to ferret out crime, to apprehend and arrest criminals, and, insofar as within their power, to secure evidence of crimes in their counties and to present a report of the evidence so secured to the district attorney or assistant district attorney for the county." Ala. Code § 26-22-3(4). This includes the authority to hire, fire, train, and assign deputy sheriffs. *Carr v. City of Florence*, 916 F.2d 1521, 1525-25 (11th Cir. 1990). Additionally, neither the county nor the county commission, as the governing body of the county, has the authority to "manage, direct and control" the actions of state law enforcement officials." *McMillian*, 520 U.S. at 790 (stating that "the 'powers and duties' of the counties themselves . . . do not include any provision in the area of law enforcement"). Accordingly, a county or a county commission may not be held liable for any alleged action or omissions of a sheriff or his deputies arising out of their role as law enforcement officers. *Sanders v. Miller*, 837 F.Supp. 1106, 1109 (N.D. Ala. 1992) (dismissing claims against county and county commission for claims arising out of alleged actions by sheriff's deputies).

Neither Walker County nor Hamrick, in his official capacity as Chairman of the Walker County Commission, is in a legal position to oversee law enforcement functions of the Walker County Sheriff's Office. Plaintiff's claims against these Defendants under a vicarious liability or respondeat superior theory is not a proper basis for liability in a Section 1983 action. *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (court dismissed claims against county and county commission because where supervisor was not personally involved in constitutional deprivation or where no sufficient causal connection exists between supervisor's conduct and the constitutional violation, no valid Section 1983 claim existed). Therefore, because the court finds that (1) Plaintiff's claims against Defendants Walker County and Hamrick only concern supervisory issues, and (2)

6

these particular Defendants have no authority to supervise law enforcement functions as a matter of law, these Defendants are due to be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Walker County and Hamrick's Motion to Dismiss (Doc. #22) is due to be granted.  A separate order consistent with this Memorandum Opinion will be issued.

DONE and ORDERED this _____5th_____ day of November, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE